UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN SOAPER,

    Plaintiff,

vs.

CASE NO.: 6:14-cv-1915-ORL-18 KRS

THE KEISER SCHOOL, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN SOAPER, sues the Defendant, THE KEISER SCHOOL, INC., and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA").

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Palm Bay County, Florida.

### PARTIES

5. Plaintiff, STEVEN SOAPER ("Plaintiff"), is a natural person over the age of eighteen (18), who resides in Palm Bay, Palm Bay County, Florida.

6. Plaintiff, STEVEN SOAPER is the "called party" with respect to the texts placed to his cellular telephone number, (321) 537-9385, as further described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7. Defendant, THE KEISER SCHOOL INC., (Defendant), is a corporation and citizen of the State of Florida with its principal place of business located at 1900 W. Commercial Blvd., Ste. 180, Fort Lauderdale, FL 33309.

## FACTUAL ALLEGATIONS

8. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9. Each text Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Each text Defendant made to Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

11. Beginning or about April, 2013, Plaintiff starting receiving texts from Defendant in an attempt to solicit business.

12. Due to such a high volume of texts from Defendant to his cell phone, Plaintiff was not able to write down each text, however the following is a sample of the texts received from Defendant to his cell phone:

      i. April 10, 2013 at 12:02 p.m.

      ii. May 7, 2013 at 11:35 a.m.

      iii. May 9, 2013 at 12:25 p.m.

      iv. May 13, 2014 at 3:31 p.m.

 v.  May 15, 2014 at 2:49 p.m.

 vi.  May 15, 2013 at 3:07 p.m.

 vii.  June 5, 2013 at 2:30 p.m.

 viii.  June 6, 2013 at 1:24 p.m.

 ix.  June 7, 2013 at 9:42 p.m.

 x.  June 10, 2013 at 12:18 p.m.

 xi.  June 18, 2013 at 1:03 p.m.

 xii.  June 19, 2013 at 11:59 a.m.

 xiii.  July 1, 2013 at 4:00 p.m.

 xiv.  July 2, 2013 at 5:51 p.m.

 xv.  July 3, 2013 at 5:42 p.m.

 xvi.  July 8, 2013 at 3:47 p.m.

 xvii.  July 18, 2013 at 5:51 p.m.

 xviii.  July 23, 2013 at 4:52 p.m.

 xix.  July 23, 2013 at 5:06 p.m.

 xx.  July 24, 2013 at 12:04 p.m.

 xxi.  July 25, 20103 at 5:00 p.m.

 xxii.  July 26, 2013 at 1:21 p.m.

 xxiii.  July 29, 2013 at 10:58 a.m.

 xxiv.  July 30, 2013 at 6:24 p.m.

 xxv.  July 31, 2013 at 11:20 a.m.

 xxvi.  August 2, 2013 at 1:01 p.m.

 xxvii.  August 5, 2013 at 5:49 p.m.

 xxviii.  August 7, 2013 at 11:41 a.m.

 xxix.  August 8, 2013 at 11:34 a.m.

 xxx. August 9, 2013 at 1:08 p.m.

 xxxi. August 12, 2013 at 11:57 a.m.

 xxxii. August 13, 2013 at 12:43 p.m.

 xxxiii. August 14, 2013 at 11:00 a.m.

13. Defendant texted the Plaintiff approximately fifty (50) times, since April 1, 2013, in an attempt to solicit business.

14. On information and belief, the texts were placed using automated telephone dialing equipment, without human intervention

15. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

16. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Plaintiff, to remove the incorrect number.

17. Defendant's corporate policy is structured as to continue to text individuals like the Plaintiff, despite these individuals explaining to Defendant to take them off of their list.

18. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

19. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

20. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

21. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

22. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be texted.

23. Plaintiff did not expressly consent to Defendant's placement of texts to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## (VIOLATION OF THE TCPA)

26. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (25), as if fully set forth herein.

27. None of the texts at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

28. Furthermore, none of the texts at issue were placed by Defendant to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly sending text messages to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

30. The TCPA provides Plaintiffs with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE Plaintiff, STEVEN SOAPER, respectfully demand judgment against Defendant, THE KEISER SCHOOL, INC. for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Jared Michael Lee*
Jared Michael Lee, Esquire
FL Bar#: 0052284
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, Florida 32801
P: 407-418-2038
F: 407-245-3484
Attorney for the Plaintiff
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com